Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07012
(973) 757-1100

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTELLAS PHARMA INC.; ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; MEDIVATION LLC; MEDIVATION PROSTATE THERAPEUTICS LLC; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.: _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Astellas Pharma Inc., Astellas US LLC, and Astellas Pharma US, Inc.

(collectively, "Astellas"), Medivation LLC and Medivation Prostate Therapeutics LLC

(collectively, "Medivation"), and The Regents of the University of California ("The Regents")

(collectively, "Plaintiffs"), for their Complaint against Defendant Sandoz Inc. ("Sandoz"),

hereby allege as follows:

**THE PARTIES**

1.      Plaintiff Astellas Pharma Inc. is a corporation organized and existing under the laws of Japan having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

2.      Plaintiff Astellas US LLC is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062, United States.

3.      Plaintiff Astellas Pharma US, Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062, United States.

4.      Plaintiff Medivation LLC is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 235 East 42nd Street, New York, New York 10017, United States.

5.      Plaintiff Medivation Prostate Therapeutics LLC is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 235 East 42nd Street, New York, New York 10017, United States.

6.      Plaintiff The Regents of the University of California is a public corporation organized and existing under the laws of the State of California operating under Article 9, Section 9 of the California Constitution, having its corporate offices located at 1111 Franklin Street, Oakland, California 94607-5200, United States.

7.      On information and belief, Defendant Sandoz Inc. is a corporation organized and existing under the laws of Delaware, having places of business at One Health Plaza, Building 435, East Hanover, New Jersey, 07936, United States and 100 College Road West, Princeton, New Jersey 08540, United States.

2

8. On information and belief, Sandoz is in the business of, among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

## NATURE OF THE ACTION

9. This is a civil action for the infringement of United States Patent Nos. 7,709,517 ("the '517 patent") and 8,183,274 ("the '274 patent") (collectively, "the Xtandi® patents") under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Sandoz's filing of Abbreviated New Drug Application ("ANDA") No. 216068 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of the pharmaceutical products Xtandi® tablets, 40 and 80 mg, before the expiration of Plaintiffs' patents covering Xtandi® and its use.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Sandoz by virtue of the fact that, *inter alia*, Sandoz has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

12. This Court has personal jurisdiction over Sandoz by virtue of the fact that Sandoz is at home in New Jersey as reflected by the fact that, on information and belief, it has places of business in New Jersey, regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling its pharmaceutical

products in New Jersey and, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, on information and belief, Sandoz conducts marketing and sales activities in the State of New Jersey, including, but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic. On information and belief, if Sandoz's ANDA No. 216068 is approved, it will market and sell its generic versions of Xtandi® tablets in New Jersey.

13.     This Court also has personal jurisdiction over Sandoz by virtue of the fact that Sandoz previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g., Par Pharmaceutical, Inc. et al v. Sandoz Inc.*, No. 3-18-cv-14895 (D.N.J.)*; Celgene Corporation v. Sandoz Inc.*, No. 3-18-cv-11026 (D.N.J.); *Adamas Pharma, LLC v. Sandoz Inc.*, No. 3-18-cv-09032 (D.N.J.). Upon information and belief, Sandoz has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey by having filed suit in this jurisdiction. *See*, *e.g.*, *Sandoz, Inc. v. Daiichi Sankyo, Inc. et al.*, No. 1-16-cv-00994 (D.N.J.).

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE XTANDI® TABLET NDA

15.     Astellas Pharma US, Inc. filed New Drug Application ("NDA") No. 213674 for Xtandi® (enzalutamide) tablets, 40 mg and 80 mg. The FDA approved NDA No. 213674 for Xtandi® 40 mg and 80 mg tablets on August 4, 2020 for the treatment of patients with castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer.

Xtandi® tablets are sold and co-promoted by Astellas Pharma US, Inc. and Pfizer Inc. in the United States.

16.    Enzalutamide is a compound that can be referred to by any of several chemical names, including 4-{3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylideneimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-{3-(4-cyano-3-(trifluoromethyl)phenyl)-5,5-dimethyl-4-oxo-2-thioxoimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-4-keto-5,5-dimethyl-2-thioxo-imidazolidin-1-yl]-2-fluoro-N-methyl-benzamide, and 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylidene-1-imidazolidinyl]-2-fluoro-N-methylbenzamide, and which has the following chemical structure:

## THE PATENTS-IN-SUIT

17.    On May 4, 2010, the '517 patent, entitled "Diarylhydantoin Compounds," was duly and legally issued to The Regents.  A true and correct copy of the '517 patent is attached hereto as Exhibit A.

18.    On May 22, 2012, the '274 patent, entitled "Treatment of Hyperproliferative Disorders with Diarylhydantoin Compounds," was duly and legally issued to The Regents.  A true and correct copy of the '274 patent is attached hereto as Exhibit B.

19.    In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the Xtandi® patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xtandi® 40 mg and 80 mg tablets.

5

20. Pursuant to an agreement, as amended, entered into between Medivation, Inc., Medivation Prostate Therapeutics, Inc., and The Regents, Medivation, Inc. and Medivation Prostate Therapeutics, Inc. were granted an exclusive license to the '517 and '274 patents, with the right to sue for infringement of the Xtandi® patents in the United States.

21. Pursuant to an agreement entered into between Astellas Pharma Inc., Medivation, Inc., and Medivation Prostate Therapeutics, Inc., Astellas Pharma Inc. was granted an exclusive sublicense to the '517 and '274 patents, with the right to sue for infringement of the Xtandi® patents in the United States.

22. Pursuant to an agreement entered into between Astellas Pharma Inc. and Astellas US LLC, Astellas US LLC was granted a sublicense to the '517 and '274 patents, with the right to sue for infringement of the Xtandi® patents in the United States.

23. On September 28, 2016, Pfizer Inc. acquired Medivation, Inc. and its wholly owned subsidiary Medivation Prostate Therapeutics, Inc.

24. On August 28, 2017, Medivation, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation, Inc. converted from a corporation to a limited liability company and changed its name to Medivation LLC.

25. On August 28, 2017, Medivation Prostate Therapeutics, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation Prostate Therapeutics, Inc. converted from a corporation to a limited liability company and changed its name to Medivation Prostate Therapeutics LLC.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

26. By a letter dated May 18, 2021 (the "Sandoz Notice Letter"), Sandoz advised Astellas, The Regents, Medivation, and Pfizer that it had submitted ANDA No. 216068

6

to the FDA seeking approval to manufacture, use, or sell enzalutamide 40 mg and 80 mg tablets ("Sandoz's Generic Products") prior to the expiration of the Xtandi® patents.

27.     On information and belief, Sandoz submitted ANDA No. 216068 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, and sale of Sandoz's Generic Products as generic versions of Xtandi® 40 mg and 80 mg tablets.

28.     On information and belief, ANDA No. 216068 seeks FDA approval of Sandoz's Generic Products for the indications of treatment of castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer.

29.     The Sandoz Notice Letter also advised Astellas, The Regents, Medivation, and Pfizer that Sandoz's ANDA submission included certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Sandoz's opinion, certain claims of the Xtandi® patents are invalid, unenforceable, and/or not infringed.

30.     The Sandoz Notice Letter does not allege invalidity of certain claims of the '517 and '274 patents.

31.     By not identifying invalidity defenses for certain claims of the '517 and '274 patents in the Sandoz Notice Letter, Sandoz admits the claims of the '517 and '274 patents for which invalidity defenses have not been raised are valid.

32.     The Sandoz Notice Letter does not allege invalidity under 35 U.S.C. §§ 101 or 102, or unenforceability of any claim of the '517 and '274 patents.

33.     By not identifying invalidity defenses under 35 U.S.C. §§ 101 or 102, or unenforceability defenses for any of the '517 and '274 patents in the Sandoz Notice Letter,

Sandoz admits the claims of those patents are valid under 35 U.S.C. §§ 101 and 102, and are enforceable.

34.    There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Sandoz regarding the infringement, validity, and enforceability of the Xtandi® patents.

35.    Plaintiffs are commencing this action within 45 days of receiving the Sandoz Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**COUNT I**
**(Infringement Of The '517 Patent)**

36.    Plaintiffs incorporate each of the preceding paragraphs 1 to 35 as if fully set forth herein.

37.    By submitting ANDA No. 216068 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Generic Products throughout the United States, including New Jersey, prior to expiration of the '517 patent, Sandoz committed an act of infringement of the '517 patent under 35 U.S.C. § 271(e)(2)(A).

38.    The '517 patent claims, *inter alia*, the compound, and pharmaceutical compositions of, enzalutamide.

39.    On information and belief, Sandoz's Generic Products, if approved by the FDA, will contain the compound enzalutamide and/or pharmaceutical compositions thereof, which will constitute infringement of claims of the '517 patent.

40.    On information and belief, Sandoz's manufacture, use, sale, offer for sale, and/or importation into the United States of Sandoz's Generic Products prior to the expiration of the '517 patent, including any applicable exclusivities or extensions, will directly infringe the

8

'517 patent under 35 U.S.C. § 271(a).  Sandoz will infringe one or more of the claims of the '517 patent.

41.    On information and belief, Sandoz's Generic Products will infringe at least Claim 1 of the '517 patent which recites "[a] compound selected from the group consisting of" a group of compounds including enzalutamide.  On information and belief, Sandoz's Generic Products will infringe Claim 1 of the '517 patent because Sandoz's Generic Products will contain enzalutamide.

42.    On information and belief, Sandoz was aware of the existence of the '517 patent and its listing in the Orange Book as demonstrated by Sandoz's reference to the '517 patent in the Sandoz Notice Letter.

43.    On information and belief, Sandoz knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Generic Products prior to patent expiry will infringe one or more claims of the '517 patent.

44.    On information and belief, Sandoz's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '517 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

45.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II
### (Infringement Of The '274 Patent)

46.    Plaintiffs incorporate each of the preceding paragraphs 1 to 45 as if fully set forth herein.

47.   By submitting ANDA No. 216068 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Generic Products throughout the United States, including New Jersey, prior to expiration of the '274 patent, Sandoz committed an act of infringement of the '274 patent under 35 U.S.C. § 271(e)(2)(A).

48.   The '274 patent claims, *inter alia*, methods of treating prostate cancer with enzalutamide.

49.   On information and belief, Sandoz's Generic Products, if approved by the FDA, will be prescribed and administered to human patients to treat castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer, which will constitute infringement of claims of the '274 patent.

50.   On information and belief, Sandoz's manufacture, use, sale, offer for sale, and/or importation into the United States of Sandoz's Generic Products prior to the expiration of the '274 patent, including any applicable exclusivities or extensions, will actively induce infringement of the '274 patent under 35 U.S.C. § 271(b) and will constitute contributory infringement of the '274 patent under 35 U.S.C. § 271(c).  Sandoz will aid another in the infringement of one or more of the claims of the '274 patent.

51.   On information and belief, Sandoz will infringe at least Claim 1 of the '274 patent which claims a "method for treating prostate cancer comprising administering a therapeutically effective amount of a compound" selected from a group of compounds including enzalutamide "or a pharmaceutically acceptable salt thereof to a subject in need of such treatment, thereby treating the prostate cancer."  On information and belief, Sandoz will infringe

10

at least Claim 1 of the '274 patent because Sandoz's Generic Products will contain enzalutamide and will be used to treat prostate cancer.

52.    On information and belief, Sandoz's Generic Products will have instructions for use that substantially copy the instructions for Xtandi® tablets.  Upon information and belief, the proposed labeling for Sandoz's Generic Products will direct the use of Sandoz's Generic Products for the following indications: treatment of patients with castration-resistant prostate cancer and treatment of patients with metastatic castration-sensitive prostate cancer.

53.    On information and belief, this directly infringing use will occur with Sandoz's specific intent and encouragement, and will be a use that Sandoz knows or should know will occur.

54.    On information and belief, Sandoz will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that this use will be in contravention of Plaintiffs' rights under the '274 patent.

55.    On information and belief, Sandoz knows or should know Sandoz's Generic Products will be especially made or especially adapted for use in a manner that will constitute infringement of the '274 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

56.    On information and belief, Sandoz knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Generic Products prior to patent expiry will contribute to the direct infringement of one or more claims of the '274 patent.

11

57.    On information and belief, Sandoz's acts will be performed with knowledge of the '274 patent and with intent to encourage infringement prior to patent expiry.

58.    On information and belief, Sandoz was aware of the existence of the '274 patent and its listing in the Orange Book as demonstrated by Sandoz's reference to the '274 patent in the Sandoz Notice Letter.

59.    On information and belief, Sandoz's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '274 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

60.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment that Sandoz has infringed one or more claims of United States Patent Nos. 7,709,517 and 8,183,274 by submitting ANDA No. 216068 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Generic Products before the expiration of the Xtandi® patents under 35 U.S.C. § 271(e)(2)(A);

B.    A judgment that Sandoz's commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Sandoz's Generic Products will infringe one or more claims of United States Patent Nos. 7,709,517 and 8,183,274 under 35 U.S.C. §§ 271(a), (b), and/or (c);

C.    A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Sandoz, its officers, agents, servants, and employees, and those persons in active

concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Sandoz's Generic Products prior to the expiration dates of United States Patent Nos. 7,709,517 and 8,183,274, inclusive of any extensions;

D.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 216068 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration dates of United States Patent Nos. 7,709,517 and 8,183,274, inclusive of any extensions;

E.      A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

F.      An award of costs and expenses in this action; and

G.      Such other and further relief as the Court may deem just and proper.


Dated: June 30, 2021                          _s/Liza M. Walsh_____
                                              Liza M. Walsh
                                              Katelyn O'Reilly
                                              William T. Walsh, Jr.
                                              WALSH PIZZI O'REILLY FALANGA LLP
OF COUNSEL:                                   Three Gateway Center
                                              100 Mulberry Street, 15th Floor
Dominick A. Conde (*phv forthcoming*)         Newark, NJ 07102
Erin J.D. Austin (*phv forthcoming)*          (973) 757-1100
VENABLE LLP
1290 Avenue of the Americas                   *Attorneys for Plaintiffs*
New York, NY 10104-3800


William E. Solander (*phv forthcoming*)
Whitney L Meier (*phv forthcoming*)
VENABLE LLP
1270 Avenue of the Americas
New York, NY 10020

13

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action.

Dated: June 30, 2021

s/Liza M. Walsh

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-110

OF COUNSEL:
Dominick A. Conde (*phv forthcoming*)
Erin J.D. Austin (*phv forthcoming*)
Venable LLP
1290 Avenue of the Americas
New York, NY 10104-3800

William E. Solander (*phv forthcoming*)
Whitney L Meier (*phv forthcoming*)
Venable LLP
1270 Avenue of the Americas
New York, NY 10020

14

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, inter alia, injunctive relief.

Dated: June 30, 2021

*s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-110

OF COUNSEL:
Dominick A. Conde (*phv forthcoming)*
Erin J.D. Austin (*phv forthcoming)*
Venable LLP
1290 Avenue of the Americas
New York, NY 10104-3800

William E. Solander (*phv forthcoming)*
Whitney L Meier (*phv forthcoming)*
Venable LLP
1270 Avenue of the Americas
New York, NY 10020